UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| Claudia Seeman, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case Number 1:20-cv-1404 |
| | ) |
| Portfolio Recovery Associates, LLC, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

### INTRODUCTION

1. Plaintiff brings this action against Defendant to enforce her rights under the Federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"). The Plaintiff is a consumer and the Defendant is a debt collector. While acting as a debt collector, Defendant attempted to collect a consumer debt from Plaintiff. In so doing, Defendant violated the FDCPA. Plaintiff seeks actual and statutory damages from Defendant, along with an appropriate award of costs, litigation expenses, and attorneys' fees.

### JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue in this District is proper under 28 U.S.C. § 1391, as Defendant conducts business in this District and the conduct complained of occurred here.

### PARTIES

4. Plaintiff Claudia Seeman (hereinafter referred to as "Seeman") is a consumer as defined by 15 U.S.C. § 1692a(3) and is a citizen of the State of Indiana, who resides in the Southern District of Indiana, from whom Defendant attempted to collect a delinquent consumer debt.

5. Defendant Portfolio Recovery Associates, LLC (hereinafter referred to as "PRA") is a Delaware limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts.  PRA operates from an address at 120 Corporate Boulevard, Suite 100, Norfolk, VA 23502.  In fact, PRA was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff.

6. PRA is a debt collection agency and is authorized to conduct business in Indiana and maintains a registered agent with the State of Indiana.

**FACTUAL ALLEGATIONS**

7. The Plaintiff incurred a debt that was primarily for personal, family, or household purposed as defined by §1692a(5).

8. The debt owed by Plaintiff went into default.

9. After the debt went into default, the debt was placed with or otherwise transferred to Defendant for collection.

10. The Plaintiff disputes the debt.

11. On November 13, 2019, PRA, via counsel, filed a state court collection matter against Seeman in the Hamilton County Superior Court under cause number 29D03-1911-CC-10567.

12. On December 23, 2019, the undersigned counsel filed his appearance on behalf of Seeman in the state court collection matter.

13. On December 23, 2019, the undersigned counsel filed a motion for extension of time for Seeman to respond to the state court complaint.

14. Both the appearance and motion for extension of time were served on PRA its counsel.

15. On January 22, 2020, despite having knowledge that Seeman was represented by counsel in the state court collection matter, PRA contacted Seeman directly in an attempt to collect the debt.

16. Seeman is and has been confused, concerned and worried about the direct contact and statements made by PRA in its attempts to collect the alleged debt at issue.

17. PRA's violation of the FDCPA is material because its attempt to collect the alleged debt by directly contacting Seeman when PRA knows that Seeman is represented by counsel would make an unsophisticated consumer believe that he or she did not have the rights Congress had granted under the FDCPA. It would also cause an unsophisticated consumer to alter his or her course of action to avoid further harassment. This violation of the FDCPA is sufficient to show an injury-in-fact.

18. Defendant's collection actions and communications are to be interpreted under the "unsophisticated consumer" standard. *See*, *Gammon v. GC Services, Ltd. Partnership*, 27F.3d 1254, 1257 (7th Cir. 1994).

**VIOLATION OF § 1692c(a)(2) OF THE FDCPA –
COMMUNICATING WITH A CONSUMER REPRESENTED BY COUNSEL**

19. Seeman adopts and realleges Paragraphs 1 – 18.

20. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address. S*ee*, 15 U.S.C. § 1692c(a)(2).

21. PRA was clearly aware of the undersigned counsel's representation in the underlying state court collection matter as the undersigned counsel's representation of Seeman was a matter of public record. Accordingly, Defendant was fully aware that Seeman was represented by counsel at the time Seeman communicated directly with Ray.

22. By communicating with Seeman when it knew she was represented by counsel in connection with the debt, PRA violated § 1692c(a)(2) of the FDCPA.

23. PRA's violation of §1692c(a)(2) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. *See*, 15 U.S.C. § 1692k.

### VIOLATION OF § 1692d OF THE FDCPA- HARASSMENT OR ABUSE

24. Seeman adopts and realleges Paragraphs 1- 23.

25. Section 1692d of the FDCPA prohibits a debt collector from engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

26. By communicating with Seeman when it knew she was represented by counsel, PRA violated § 1692d of the FDCPA.

27. PRA's violation of §1692d of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. *See*, 15 U.S.C. § 1692k.

### VIOLATION OF § 1692f OF THE FDCPA - UNFAIR PRACTICES

28. Seeman adopts and realleges Paragraphs 1 – 27.

29. § 1692f of the FDCPA prohibits a debt collector from using unfair or unconscionable means to collect or attempt to collect any debt.

30. By contacting Seeman when it knew she was represented by counsel, PRA violated § 1692f of the FDCPA.

31. PRA's violation of §1692f of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. *See*, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Claudia Seeman respectfully requests that the Court find that the Defendant, Portfolio Recovery Associates, LLC violated the FDCPA and enter judgment against Defendant Portfolio Recovery Associates, LLC for actual damages, statutory damages, costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k and all other just and proper relief.

Respectfully submitted,

/s/ Thomas G. Bradburn
Thomas G. Bradburn

## DEMAND FOR JURY TRIAL

Plaintiff respectfully requests trial by jury.

Respectfully submitted,

/s/ Thomas G. Bradburn
Thomas G. Bradburn

Thomas G. Bradburn (15377-49)
Bradburn Law Firm
52 South 9th Street, Suite 10
Noblesville, IN 46060
Telephone (317) 475-0826
Email: tbradburn@bradburnlaw.com